1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

ERIC JOSEPH RODRIGUEZ,

12

Petitioner,

13

v.

14

M.D. BITER, Warden,

15
16

Respondent.

Civil No.    13-0962 LAB (KSC)

**ORDER:**

**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and**

**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**

17
18
19

     Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

20

<u>**MOTION TO PROCEED IN FORM PAUPERIS**</u>

21

     Petitioner has $0.33 on account at the California correctional institution in which he is

22

presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS**

23

Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the

24

above-referenced action without being required to prepay fees or costs and without being

25

required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas

26

Corpus without prepayment of the filing fee.

27

/ / /

28

/ / /

## **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Petitioner fails to state any grounds for relief in the Petition.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, Petitioner is advised that habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court

1  remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been

2  violated.  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court

3  trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she]

4  must say so, not only in federal court, but in state court."  *See Duncan v. Henry*, 513 U.S. 364, 365-66

5  (1995)(emphasis added).

6       Because Petitioner has not alleged any grounds in his petition, the Court cannot determine

7  whether he has raised his claims in the California Supreme Court.  Petitioner is advised that he must

8  allege exhaustion of his claims if he wishes to proceed with this case.

9       Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty

10  Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus

11  by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from

12  the latest of:

13       (A) the date on which the judgment became final by the conclusion of direct
         review or the expiration of the time for seeking such review;

14

15       (B) the date on which the impediment to filing an application created by State
         action in violation of the Constitution or laws of the United States is removed, if the
         applicant was prevented from filing by such State action;

16

17       (C) the date on which the constitutional right asserted was initially recognized by
         the Supreme Court, if the right has been newly recognized by the Supreme Court and
         made retroactively applicable to cases on collateral review; or

18

19       (D) the date on which the factual predicate of the claim or claims presented could
         have been discovered through the exercise of due diligence.

20  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

21       The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is

22  pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see*

23  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery

24  and acceptance [by the appropriate court officer for placement into the record] are in compliance with

25  the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the

26  statute of limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S.

27  167, 181-82 (2001).

28  / / /

1    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas

2    petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the

3    petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it

4    appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because

5    he has not alleged exhaustion of state court remedies.

6                                                       **<u>CONCLUSION</u>**

7    For the foregoing reasons, the Court GRANTS Petitioner's motion to proceed in forma pauperis

8    and DISMISSES the case without prejudice and with leave to amend. To have this case reopened,

9    Petitioner must, **no later than <u>July 1, 2013,</u>** file a First Amended Petition that cures the pleading

10   deficiencies outlined in this Order. ***The Clerk of Court is directed to mail Petitioner a blank First***

11   ***Amended Petition form together with a copy of this Order.***

12   **IT IS SO ORDERED.**

13

14   DATED: April 24, 2013

15

16   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28